TOPPING (RUSSELL v.). See Case No. 12,-163.

## Case No. 14,101.
### TOPPING v. The WARREN.
[34 Hunt, Mer. Mag. 453.]

Circuit Court, S. D. New York. Sept. 6, 1853.[1]

PILOTS—DISABLED VESSEL—EXTRA ALLOWANCE.

[Appeal from the district court of the United States for the Southern district of New York.]

---

[1] [Affirming Case No. 17,193.]

The ship Warren, of 500 tons, with a crew of 10 men and 60 passengers, left Glasgow for New York, 6th December, 1851. She received severe injury in a gale, lost her rudder, bowsprit, fore-mast head, foretop-mast, foretop-gallant-mast, head of mainmast, and head of main-topmast. A spar was rigged as a bowsprit, and a jury foretop-mast set up. a substitute for the rudder was rigged, made out of cable, ropes, &c., in a most ingenious manner, highly creditable to the skill and seamanship of J. G. Lawton, her captain. The ship could wear and be stayed, and was navigated to within 60 miles of New York, after a passage of 107 days, the usual passage being about 40 days. At this distance from port, the ship was placed under the charge of the libelant [T. Topping], a pilot, and navigated by him to within 15 miles of the Hook. when a tug was hired, and the vessel towed up. The pilot claimed compensation beyond the usual pilotage fees allowed, when a vessel was not disabled, which was refused. It was proved that, on approaching the coast, a vessel in her crippled condition would be exposed to enhanced dangers, a gale of wind on shore might be fatal, and one off might drive her again out to sea. That from the number of passengers, composed of men, women, and children, the great length of passage already, the danger of distress for provisions, &c., the ship having already frequently received supplies. a very serious responsibility devolved upon the pilot, to whom was confided the safety of the ship and passengers, and her valuable cargo,—a responsibility not strictly belonging to his duties as a pilot, and for which he was entitled to a liberal compensation, beyond what the strict tariff of mere pilotage fees would allow. The district court awarded to the pilot one hundred dollars in addition to the pilotage [Case No. 17,-193], and, on appeal to the circuit court, his honor, NELSON, Circuit Justice, affirmed the decree.